COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Frank and Clements
Argued at Alexandria, Virginia


ROBERT C. GRANT

                                        MEMORANDUM OPINION* BY
v.   Record No. 1960-01-4            JUDGE JEAN HARRISON CLEMENTS
                                             SEPTEMBER 24, 2002
ROBERT C. GRANT AND
 VANLINER INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            David L. Bayne, Jr. (Ashcraft & Gerel, LLP,
            on brief), for appellant.

            S. Vernon Priddy III (Sands Anderson Marks &
            Miller, on brief), for appellees.


     Robert C. Grant (claimant), the sole proprietor of a moving

business, appeals a decision of the Workers' Compensation

Commission (commission) finding his pre-injury average weekly

wage impermissibly included earnings attributable to his wife.

Based on that finding, the commission reduced claimant's

pre-injury average weekly wage by thirty percent, terminated his

benefits as of January 1, 2000, and awarded his business's

insurance carrier, Vanliner Insurance Company (insurer), a credit

of $43,803.43. The sole issue on appeal is whether the commission

erred in reducing claimant's pre-injury average weekly wage.

Finding no error, we affirm the commission's decision.

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

On May 25, 1997, claimant sustained a work-related injury to his back while lifting a box. At the time of the accident, claimant was self-employed as the owner/operator of Grant Trucking, a moving business that transported household goods under contract with Smith's Transfer and Mayflower Transit. Insurer accepted the claim as compensable and paid claimant benefits pursuant to a compensation award entered by the commission on June 3, 1998.

The commission's award was based on the parties' memoranda of agreement, which indicated that claimant's pre-injury average weekly wage was $1,117.65. This figure was calculated using the $58,118.00 net profit shown for Grant Trucking on Schedule C of the 1040 tax form filed jointly by claimant and his wife for 1996. In the performance of that calculation, the entire $58,118.00 profit was treated as claimant's income. Based on the pre-injury average weekly wage of $1,117.65, claimant received $334.84 per week in temporary partial compensation benefits from August 25, 1997, through August 6, 2000, the date of the last payment, for a total of $51,565.36.

-

Following the injury, claimant returned to light duty work, earning an average weekly wage of $643.16 in 1997, $635.35 in 1998, and $754.81 in 1999. As of June 6, 2000, claimant's gross pay for the year was $22,153.60, yielding an average weekly wage of $981.49. Claimant did not report these increases in his earnings to insurer.

Insurer filed applications with the commission on August 1, 2000, and September 28, 2000, seeking, on the grounds of imposition or mistake of fact, a reduction of claimant's pre-injury average weekly wage commensurate with that percentage of Grant Trucking's net profit for 1996 that was attributable to claimant's wife's contributions to the business. Finding that thirty percent of Grant Trucking's net profit shown on the jointly filed 1996 Schedule C tax form was attributable to wife's work, the commission reduced claimant's pre-injury average weekly wage by thirty percent, from $1,117.65 to $782.36. Based on that reduction, the commission found that claimant, whose average weekly wage in 2000 was $981.49, returned to work as of January 1, 2000, at a wage greater than his pre-injury average weekly wage. Accordingly, the commission terminated claimant's benefits as of January 1, 2000. In light of that termination and the lower amount of compensation owed claimant because of his reduced pre-injury average weekly wage, the commission awarded insurer a credit of $43,803.43.

-

On appeal, all of claimant's challenges stem from his contention that the commission erred in reducing his pre-injury average weekly wage by thirty percent. The evidence, claimant argues, did not establish that his wife's efforts provided a benefit to his business. Accordingly, he concludes, the commission erred in finding that thirty percent of his business's net profit in 1996 was attributable to his wife. We disagree.

In reviewing the commission's decision, we view the evidence in the light most favorable to the party prevailing before the commission. See Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 672, 508 S.E.2d 335, 340 (1998). The commission's factual findings are conclusive and binding on appeal if supported by credible evidence in the record. Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993).

> It [is] the duty of the [c]ommission to make the best possible estimate of future impairments of earnings from the evidence adduced at the hearing, and to determine the average weekly wage that [the claimant] was able to earn. This is a question of fact to be determined by the [c]ommission which, if based on credible evidence, will not be disturbed on appeal.

Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 441, 339 S.E.2d 570, 573 (1986). "Thus, if credible evidence supports the commission's findings regarding the claimant's average weekly wage, we must uphold those findings." Chesapeake Bay

-

<u>Seafood House v. Clements</u>, 14 Va. App. 143, 146, 415 S.E.2d 864, 866 (1992).

Moreover, the commission has "the power and authority not only to make and enforce its awards, but to protect itself and its awards from fraud, imposition and mistake."  <u>Harris v. Diamond Constr. Co.</u>, 184 Va. 711, 720, 36 S.E.2d 573, 577 (1946).

> It is well settled that an employee's average weekly wage, even after being agreed to by the parties and set forth in an award of the commission, is subject to modification upon the grounds of fraud, misrepresentation, mistake or imposition. It is immaterial whether the mistake of fact is mutual or unilateral.

<u>Mercy Tidewater Ambulance Serv. v. Carpenter</u>, 29 Va. App. 218, 226, 511 S.E.2d 418, 421-22 (1999) (citations omitted).  The burden is upon the party attacking the award to establish mistake by clear and convincing evidence.  <u>J & D Masonry, Inc. v. Kornegay</u>, 224 Va. 292, 295, 295 S.E.2d 887, 889 (1982).

Here, the parties initially agreed to a pre-injury average weekly wage of $1,117.65, which was calculated by dividing the full $58,118.00 net profit shown on Schedule C of claimant's 1040 tax form by fifty-two.  However, as the commission found,

> the tax form was not filed just by the claimant but was a joint filing, representing the earnings of the claimant and his wife.  This, together with the claimant's testimony that his wife drove about 40 percent of the time, that she owned the truck and performed other valuable administrative duties, proves the average

-

weekly wage impermissibly included earnings attributable to the claimant's wife.

Examining the driving logs of claimant and his wife, the commission further found that, during the thirty-six "haul dates" occurring between January 5, 1996, and February 23, 1997, "claimant's wife drove 5,695 miles while the claimant drove 13,260 miles.  Thus," the commission continued, "on those dates, the claimant's wife drove 30 percent of the time."  Accordingly, the commission found that claimant's pre-injury average weekly wage should be reduced by thirty percent, from $1,117.65 to $782.36.

The commission's findings are supported by credible clear and convincing evidence, including the jointly filed tax form; claimant's testimony that his wife owned the truck, performed administrative duties for the business, and drove forty percent of the time; and the driving logs.  As fact finder, the commission could permissibly infer from such evidence that, in initially calculating claimant's pre-injury average weekly wage, the parties mistakenly used the full net profit listed on the joint tax form, rather than only that portion of the business's net profit that represented claimant's earnings.  The commission could also permissibly infer from the evidence that thirty percent of the net profit shown on the tax form was attributable to wife's contributions to the business.

-

We hold, therefore, that the commission did not err in reducing claimant's pre-injury average weekly wage from $1,117.65 to $782.36 and, based on that reduction, did not err in terminating claimant's compensation benefits as of January 1, 2000, and awarding insurer a credit of $43,803.43.

Accordingly, we affirm the commission's decision.

Affirmed.

-