# CIRCUIT COURT OF CHESTERFIELD COUNTY

Robin M. Isle

v.

Waverly T. Martin, Jr.,
and Gregory T. Martin

September 10, 2015

Case No. CL15-536

BY JUDGE F. G. ROCKWELL, III

The parties were before the Court on July 17, 2015, for argument on Defendants' demurrer, plea in bar, and motion to dismiss. After considering the authorities, arguments, and pertinent briefs, the Court rules as follows.

### Background

Defendants filed a demurrer, testing the sufficiency of Plaintiff's claims in her Complaint. However, on July 19, 2015, Plaintiff, by counsel, nonsuited Count I, her breach of contract claim. Thus, that matter need not be adjudicated. In their brief in support, Defendants address Plaintiff's claim under the Virginia Consumer Protection Act ("VCPA"), Count II, and argue that the VCPA does not apply to any transaction subject to the Landlord Tenant Act unless the practice of the landlord constitutes misrepresentation, concealment, or a fraudulent act. Defendants' Brief in Support, p. 10.

As such, Defendants ask for their demurrer to be sustained as Plaintiff's Complaint fails to allege facts upon which a valid cause of action can be pleaded and relief can be granted. Defendants' Demurrer, p. 3. Defendants further argue in their demurrer that Plaintiff's Count III, breach of a landlord's common law duty of care, and Count IV, a negligence *per se* claim for violation of the Virginia Building Code, also fail as a matter of

law. Defendants state that, absent a sufficiently pleaded cause of action for fraud or concealment, landlords who have passed on the right of enjoyment and possession of the leased property to the lessee possess no duty of care to maintain or repair the premises. *Id.* In so doing, Defendants argue that Plaintiff has failed to file a valid Complaint alleging facts sufficient to establish Defendants' duty to Plaintiff under Counts III and IV.

Defendants additionally filed a plea in bar, arguing that Plaintiff's claims are barred by the statute of limitations. Defendants' Brief in Support, p. 10. Defendants first argue that Plaintiff's VCPA claim is barred by the two year statute of limitations. *Id.* at 12. Further, Defendants argue that Plaintiff's negligence claims, Counts III and IV, are barred by the two year statute of limitations for personal injury actions. *Id.* at 14. Defendants claim that Plaintiff had actual knowledge of the condition of the well water as early as October of 2012, as evidenced by her letter to Defendants dated April 15, 2013. Defendants further indicate that Plaintiff, in October of 2012, was also fully aware of the health effects caused by the well water, attributing her numerous bacterial infections to the usage of that water. *Id.* Defendants argue that, as Plaintiff neglected to file her Complaint until March 5, 2015, the two year statute of limitations for Plaintiff's negligence claims and her VCPA claim have both run.

Defendants' plea in bar also alleges that Plaintiff's claims are *res judicata* as Plaintiff had litigated the seminal issues of this matter previously in the Chesterfield General District Court, receiving a judgment on the merits in the amount of $1088.00. Defendants' Plea in Bar, p. 6.

In Plaintiff's brief in opposition, Plaintiff argues that Defendants' Motion To Dismiss be denied as there is no independent basis for the motion stated in the pleading. Plaintiff's Brief in Opposition, p. 1.

Regarding Defendants' Demurrer to Count II, Plaintiff claims that the facts alleged in her Complaint, taken as true, are sufficient to prove that Defendants engaged in fraud and concealment, resulting in a valid claim under the VCPA. Plaintiff's Brief in Opposition, p. 8. Plaintiff claims that, by representing to her that the well was constructed properly and would provide potable water, Defendants fraudulently misrepresented the character and condition of the well and the water it provided. Further, by failing to disclose that the well water was unsafe and contaminated, Plaintiff alleges that Defendants engaged in willful concealment of the well's actual condition. *Id.* Thus, as the facts alleged in the Complaint supposedly support causes of action for fraud and concealment, Plaintiff argues that the VCPA claim is valid.

Against Defendants' Demurrer to the Count III and IV negligence claims, Plaintiff argues that Defendants had not passed on exclusive possession and control of the leased premises. Plaintiff's Brief in Opposition, p. 10. As Defendants maintained control over the well for the purpose of supplying water to an adjacent property and maintaining a vegetable garden, Plaintiff

argues that there was no actual surrendering of exclusive possession and control of the well and, as a result, Defendants retained a duty of ordinary care to maintain and repair the well and address the contamination. *Id.* Due to the fact that Defendants allegedly retained control of the leased premises in this fashion and retained their duty to repair, Plaintiff argues that, in not adequately rectifying the well water's contamination by bacteria, Defendant breached their duty of care, causing Plaintiff's subsequent illnesses. Thus, Plaintiff argues that her Count III claim for negligence was sufficiently pleaded. Plaintiff similarly argues that this breach of a landlord's duty to repair also constitutes negligence *per se* by violating the statutory standard set by the Virginia Building Code. In so doing, Plaintiff alleges that Count IV was also properly pleaded in her Complaint, as Defendants failed to maintain their premises in accordance with the standards set by the Virginia Building Code, constituting a breach, not only of their duty of ordinary care under simple negligence, but also of the these statutory standards under negligence *per se.* Defendants' Brief in Opp., p. 15-16.

In answering Defendants' Plea in Bar for the statute of limitations, Plaintiff argues that said claim is based solely on the April 15, 2013, letter. Defendants' Brief in Opp., p. 2. Plaintiff argues that, though the facts of the action did arise in October 2012, pursuant to the Supreme Court's comment in *Renner v. Stafford*, this litigation would be "short-circuited" by failing to give Plaintiff the opportunity to prove her injuries arose from the well water. *Id.* at 3; *Renner v. Stafford*, 245 Va. 351, 352, 429 S.E.2d 218, 219 (1993).

The Court has considered the parties' arguments and all authority provided in support of those arguments. Accordingly, the Court now renders the following opinion.

*Plea in Bar Legal Standard*

A plea in bar is a defensive pleading that reduces the litigation to a single issue which, if proven, creates a bar to the plaintiff's right of recovery. *Cooper Industries v. Melendez*, 260 Va. 578, 594, 537 S.E.2d 580, 590 (2000), citing *Kroger Co. v. Appalachian Power Co.*, 244 Va. 560, 562, 422 S.E.2d 757, 758 (1992); *Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996). As distinguished from an answer or grounds of defense, it does not address the merits of the issues raised by the bill of complaint, but instead alleges a single state of facts or circumstances, which, if proven, constitutes an absolute defense to the claim. *Nelms v. Nelms*, 236 Va. 281, 289, 374 S.E.2d 4, 9 (1988). The party asserting the special plea bears the burden of establishing the defense. *Whitley v. Commonwealth*, 260 Va. 482, 493, 538 S.E.2d 296, 302 (2000); *Cooper Industries v. Melendez*, 260 Va. 578, 594, 537 S.E.2d 580, 590 (2000).

A. *Defendants' Plea in Bar*

1. *Res Judicata*

Defendant claims that this matter should be dismissed as *res judicata*. The Virginia Supreme Court has stated that, "the bar of *res judicata* precludes relitigation of the same cause of action, or any part thereof, which could have been litigated between the same parties and their privies." *Davis v. Marshall Homes, Inc.*, 265 Va. 159, 164, 576 S.E.2d 504, 506, 2003 Va. LEXIS 24, *4-5 (2003) (citing *Smith v. Ware*, 244 Va. 374, 376, 421 S.E.2d 444, 445 (1992); accord *Scales v. Lewis*, 261 Va. 379, 382, 541 S.E.2d 899, 901 (2001); *Flora, Flora, & Montague, Inc. v. Saunders*, 235 Va. 306, 310, 367 S.E.2d 493, 495 (1988); *Bates v. Devers*, 214 Va. 667, 670-71, 202 S.E.2d 917, 920-21 (1974)).

To determine whether a matter should be considered *res judicata*, a court must analyze the following factors: "identity of the remedy sought, identity of the cause of action, identity of the parties, and identity of the quality of the persons for or against whom the claim is made." *Davis v. Marshall Homes, Inc.*, 265 Va. 159, 164, 576 S.E.2d 504, 506, 2003 Va. LEXIS 24, *5 (2003) (citing *State Water Control Bd. v. Smithfield Foods, Inc.*, 261 Va. 209, 214, 542 S.E.2d 766, 769 (2001); *Balbir Brar Assocs. v. Consolidated Trading & Servs. Corp.* 252 Va. 341, 346, 477 S.E.2d 743, 746 (1996); *Wright v. Castles*, 232 Va. 218, 222, 349 S.E.2d 125, 128 (1986)).

Defendant alleges that Plaintiff's action in the Chesterfield County General District Court on April 26, 2013, constitutes a complete disposition of the case on its merits as *res judicata*. Defendants' Plea in Bar, p. 6. On said date, Plaintiff brought a Tenant's Assertion and Complaint against one defendant, Mr. Gregory T. Martin. Defendants' Exhibit 2. In that action, Plaintiff sought all rent from February 2009 until the then-present time of April 2013, a return of her security deposit, and a credit on her electric bill for the usage of the well that benefited her neighbor and Defendants' garden. *Id.* Though the basis for her claim was that the well contained harmful bacteria, the actual facts regarding her ailments and injuries resulting from ingesting and using the contaminated water were not actually litigated during the course of this lower proceeding.

Courts in the Commonwealth are typically willing to apply claim preclusion to those matters "incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered." *Lofton Ridge, L.L.C. v. Norfolk S. Ry.*, 268 Va. 377, 381, 601 S.E.2d 648, 650 (2004) (quoting *Kemp v. Miller*, 166 Va. 661, 674-75, 186 S.E. 99, 103-04 (1936)); *Virginia Imps., Ltd. v. Kirin Brewery of Am., L.L.C.*, 50 Va. App. 395, 410, n. 6, 650 S.E.2d 554, 561, n. 6 (2007). However, the Virginia Supreme Court, in promulgating Rule 1:6, set aside a separate carve-out for additional personal injury actions, as is the issue

in this case. Va. Sup. Ct. R. 1:6 ("The provisions of this Rule shall not bar a party or a party's insurer from prosecuting separate personal injury and property damage suits arising out of the same conduct, transaction, or occurrence. . . ."). As such, it does not appear that both cases brought by Plaintiff rely upon the same causes of action, as the current matter seeks to adjudicate the issues arising from her personal injuries rather than Plaintiff's April 23, 2013, action brought via a Tenant's Assertion and Complaint. Further, as previously indicated, the damages sought in that lower action were simply for the remaining rent, her deposit, and a portion of her electric bill, whereas the remedy pleaded for in this matter includes myriad costs and fees pertaining to Plaintiff's personal injuries arising from her bacterial infections. Given that the adjudication of the current matter hinges upon a separate, previously un-litigated cause of action, and Plaintiff prays for an alternative remedy, the claims at hand are not barred as *res judicata* or collateral estoppel.

### 2. *Statutes of Limitation*

Though Defendants' arguments regarding claim preclusion are unpersuasive, they additionally argue that Plaintiff's claims are barred by the relevant statutes of limitation. These arguments are not only valid, but dispositive of this matter in its entirety.

Regarding Defendants' Plea in Bar as to Count II, Plaintiff's claim under the VCPA, a suit under the Act must be brought within two years of the action's accrual. Va. Code Ann. § 59.1-204.1 ("Any individual action pursuant to § 59.1-204 for which the right to bring such action first accrues on or after July 1, 1995, shall be commenced within two years after such accrual. The cause of action shall accrue as provided in § 8.01-230."). In cases of fraud or misrepresentation, as is alleged in Plaintiff's Complaint ¶ 13, the accrual period begins when the harm reasonably should have been discovered. Va. Code Ann. § 8.01-249 ("In actions for fraud or mistake, in actions for violations of the Consumer Protection Act [§ 59.1-196 *et seq.*] based upon any misrepresentation, deception, or fraud, and in actions for rescission of contract for undue influence, when such fraud, mistake, misrepresentation, deception, or undue influence is discovered or by the exercise of due diligence reasonably should have been discovered. . . ."). As such, the dispositive question in this matter is when Plaintiff discovered the harm resulting from the well's faulty condition.

Defendants rely primarily on Plaintiff's letter dated April 15, 2013, for the proposition that Plaintiff's cause of action accrued in October 2012. Defendants' Brief in Support, p. 12. In that letter, Plaintiff writes, "[a] ssuming you are aware that I informed you and made you aware of the incoming well water issues at 2026 Osborne Road (rental) prior to the above date but in October of 2012, when I paid the rent; I am now putting this complaint into writing." Defendants' Exhibit 3.

On its face, it appears as if Plaintiff was fully aware of the condition of the well that Defendants are alleged to have misrepresented or concealed as early as October 2012. The discovery of this condition at such a time would bar the commencement of a VCPA action starting in October 2014. Plaintiff had yet to file her complaint until March 2015, a full six months after the statute of limitations had expired. Plaintiff argues in turn that the letter Defendants rely upon only provides evidence of Plaintiff's awareness of the water's discoloration and not its contamination with coliform bacteria. Plaintiff's Brief in Opposition, p. 2. Plaintiff writes that, "[t]here is no indication in the letter, or otherwise, that Ms. Isle knew the water was in fact contaminated with coliform bacteria at any time prior to April 23, 2013." *Id.* Plaintiff's own words appear to suggest otherwise as she wrote, in that same April 15, 2013, letter, "Since October of 2012, I have been bringing in 50 gallons plus (@ $1 per gallon) of Spring Water per month and no longer bathe in the present water supply due to it causing me bacterial infections (8 in the past 12 months) and one ear infection (November 2012)." Defendants' Exhibit 3.

It is clear, contrary to Plaintiff's contention, that Plaintiff attributed her infections and resultant injuries to not merely the discoloration of the water, but rather bacteria contained within the water itself. Plaintiff's explicit statements regarding the nature of her infections make this clear. Defendants' Exhibit 3. Plaintiff's claim that the letter only indicates her knowledge of the water's discoloration rather than its bacterial contamination appears to be a distinction without a difference, most notably because it is clear from Plaintiff's correspondence that she knew her bacterial infections resulted from use of the well water as early as October 2012. Simply put, for the statute of limitations of the VCPA claim to begin tolling, the Plaintiff must have had knowledge of what Defendants allegedly concealed, namely the contamination of the water. Whether Plaintiff had knowledge of only the discoloration, it is clear her attribution to the water as the cause of her October 2012 bacterial infections is sufficient knowledge to begin the tolling of her claim.

Plaintiff's attribution of her bacterial infections to the water in October 2012 also bars her negligence claims in Counts III and IV. Plaintiff alleges that Defendants breached their duty of ordinary care to maintain and repair the premises and their duty of care as set under the Virginia Building Code. Complaint, ¶¶ 69-71, 92. As a result, Plaintiff alleges that the breach of these duties was the cause of her injuries, namely, her numerous health issues that resulted from the usage of contaminated well water. Complaint in 78, 94. In personal injury actions, "the right of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person. . . ." Va. Code Ann. § 8.01-230. Therefore, in this case, the statute of limitation would begin tolling when the Plaintiff began to incur health issues, specifically bacterial infections,

stemming from the use of well water that possessed coliform bacteria. As noted above in Plaintiff's correspondence dated April 23, 2013, Plaintiff very explicitly states that her bacterial infections, which she attributes to the usage of the well water, began in October 2012 and within "the past 12 months." Defendants' Exhibit 3. As a result, Plaintiff's complaint needed to be filed within two years of that date, October 2014, to be considered within the statute of limitations. Given that Plaintiff's complaint was filed six months later in March of 2015, it is clear that the statute of limitations for these personal injury actions has run. Thus, her negligence claims are similarly barred in this matter.

Plaintiff correctly indicates that the Virginia Supreme Court, as noted in *Renner v. Stafford*, continually seeks to ensure litigation is not "incorrectly short-circuited." 245 Va. 351, 352, 429 S.E.2d 218, 219 (1993). However, the facts of *Renner* indicate a far different scenario than the issues before this Court. In *Renner*, the plaintiff had not been accorded an adequate opportunity to provide evidence as to the date her injuries began. 245 Va. at 355, 429 S.E.2d at 221. The Court writes:

> Here, given the circumstance that the medical evidence supporting the plaintiff's theory has not been developed fully, the record is incomplete on that question, and the trial court prematurely ruled on the issue. Manifestly, there are material facts genuinely in dispute. The plaintiff is entitled to prove, if she can, that she sustained no "injury," no "positive, physical, or mental hurt," in the language of *Locke*, 221 Va. at 957, 275 S.E.2d at 904, until January 1989.

*Id.*

Unlike *Renner*, in this case, by Plaintiff's own admission, her injuries were sustained in October 2012. The record is not incomplete as to the beginning of Plaintiff's travails nor would a ruling on this matter be premature. Plaintiff's own statements regarding the beginning of her injuries would appear to be summarily dispositive of any subsequent claims or evidence to the contrary. Further, Plaintiff's continued contention that she must have specifically known that her ailments were caused by coliform bacteria, rather than other bacterial elements, is misguided in light of the analysis required to determine when the statute of limitations begins to toll. It is sufficient that Plaintiff simply attribute her ailments to the condition of the contaminated well water, as she did in October 2012. Her level of knowledge need not be so specific as to pinpoint the particular genus or species of bacteria in order for the relevant statute of limitations to toll.

*Conclusion*

As Plaintiff failed to file her claims within the applicable two year statutes of limitation pertaining to Counts II, III, and IV, those claims are barred and relief cannot be granted. Defendants' Plea in Bar is sustained as to that matter.