**THIRD DIVISION
DOYLE, P. J.,
GOBEIL, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**November 13, 2023**

# In the Court of Appeals of Georgia

A23A1236. BRADLEY v. WESTROCK CP, LLC et al.

FULLER, Senior Judge.

In this action for negligence, design defects, and several related claims, plaintiff Philip Bradley appeals from the grant of summary judgment to defendants WestRock CP, LLC, Nina Butler, Carole Hamner, and Chris Broome.[1] Bradley raises several challenges to the trial court's ruling that his current claims are barred by res judicata based on a prior federal lawsuit. For the reasons that follow, the trial court erred when it ruled that Bradley's claims for negligence and design defects are barred but properly found that his remaining claims are precluded. We therefore affirm in part, reverse in part, and remand this case to the trial court for further proceedings.

---

[1] A fifth defendant, Pulp & Paper Safety Association, Inc., was dismissed from the action in an earlier order and therefore is not a party to this appeal.

"We review de novo a grant or denial of summary judgment, viewing the evidence and all reasonable conclusions and inferences drawn from it in the light most favorable to the nonmovant." *Henry v. Griffin Chrysler Dodge Jeep Ram*, 362 Ga. App. 459, 460 (868 SE2d 827) (2022). So viewed, the record shows that, in December 2017, a class action complaint was filed in the United States District Court for the Eastern District of Virginia against WestRock and West Point Chips, Inc. Jurisdiction was premised on the parties' diversity, under 28 USC § 1332 (d) (2). The plaintiffs asserted claims for nuisance and trespass, seeking damages for fugitive wood dust allegedly discharged from the defendants' paper mill and wood chipper onto the class members' properties, as well as an injunction prohibiting the future migration of dust onto their properties. Bradley was a member of the plaintiff class in that action. In September 2019, the federal district court granted the defendants' motion for summary judgment as to the nuisance and trespass claims on the ground that they were barred by the applicable statute of limitation, but denied summary judgment as to the claims for injunctive relief. The court subsequently dismissed the claims for injunctive relief, entered a final judgment approving a settlement agreement, and dismissed the non-injunctive claims for the reasons stated in its order granting partial summary judgment.

The current action began in November 2021, when Bradley sued WestRock and three of its employees (Butler, Hamner, and Broome) (collectively, the "appellees") in a state court in Georgia.[2] Bradley asserted claims for breach of contract, design defects, negligence, fraudulent misrepresentations, American Bar Association rule violations, unauthorized practice of law, and conspiracy. These claims are all premised on the allegation that the appellees' paper mill and wood chipper discharged wood dust onto Bradley's property, causing him to develop cancer.

The appellees moved to dismiss the complaint as barred by res judicata based on the prior federal action. The trial court converted the motion to dismiss into a motion for summary judgment and allowed Bradley to submit evidence in opposition. See OCGA § 9-11-12 (b). Following a hearing, the court granted the appellees' motion. Applying Georgia law, the court concluded that the current action is barred by res judicata. Bradley appeals from that ruling.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. The burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving

---

[2] WestRock maintains a corporate office in Georgia.

3

party's case. If the movant meets this burden, the nonmovant cannot rest
on his pleadings, but rather must point to specific evidence giving rise
to a triable issue.

*Henry*, 362 Ga. App. at 460-461 (citations and punctuation omitted); see OCGA § 9-11-56 (c), (e).

1. In several related enumerations of error, Bradley contends that the trial court erred when it applied Georgia law to find that the current action is barred by res judicata. Bradley maintains that, under Virginia law, the prior federal action, which asserted property damage claims, is not a bar to the current action, which is premised on personal injury claims. While we agree that the trial court should have applied Virginia law, as explained below, the result is the same for all but two of Bradley's causes of action.

[T]he preclusive effect in state court of a federal court judgment is determined by federal common law. If, as here, the federal decision was rendered under diversity jurisdiction, . . . federal common law looks to the law of the state where the district court sits to determine the preclusive effect of the case, unless such state law is incompatible with federal interests in the case.

*Falcone Global Solutions v. Forbo Flooring*, 363 Ga. App. 815, 817 (872 SE2d 792) (2022) (citation and punctuation omitted); accord *Ames v. JP Morgan Chase Bank*,

4

298 Ga. 732, 736 (2) (783 SE2d 614) (2016). Accordingly, because the federal court in the prior action sat in Virginia, we look to Virginia law to determine whether res judicata applies.[3] Our review is de novo. See *Kellogg v. Green*, 295 Va. 39, 44 (809 SE2d 631) (2018).

Res judicata, also known as claim preclusion, bars the relitigation of certain claims that have been — or could have been — adjudicated in a prior action.[4] See *Levy v. Wegmans Food Markets*, 68 Va. App. 575, 580 (II) (B) (811 SE2d 849) (2018). The elements of claim preclusion under Virginia law are: "(1) a final judgment on the merits, (2) the same parties (or their privies) in both proceedings, also expressed as identity of the parties, and (3) both causes of action arising out of the same conduct, transaction, or occurrence." *Lane v. Bayview Loan Servicing*, 297 Va. 645, 654 (831 SE2d 709) (2019). The doctrine is codified in Virginia Supreme

---

[3] Neither party asserts that Virginia law on res judicata is incompatible with federal interests. See *Falcone Global Solutions*, 363 Ga. App. at 817.

[4] The terms "res judicata" and "claim preclusion" are interchangeable under Georgia law. See *Hinely v. Alliance Metals*, 285 Ga. App. 230, 235 (2) (645 SE2d 584) (2007). While the term "res judicata" encompasses both claim preclusion and issue preclusion (or collateral estoppel) under Virginia law, see *Funny Guy, LLC v. Lecego, LLC*, 293 Va. 135, 142 (II) (A) (795 SE2d 887) (2017), only claim preclusion is at issue in this appeal.

Court Rule 1:6. See *Funny Guy, LLC v. Lecego, LLC*, 293 Va. 135, 150-152 (II) (B)-(C) (1) (795 SE2d 887) (2017). The rule provides, in relevant part:

> **(a) Definition of Cause of Action.** — A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, is forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought. . . .
>
> . . .
>
> **(c) Exceptions.** — The provisions of this Rule do not bar a party or a party's insurer from prosecuting separate personal injury and property damage suits arising out of the same conduct, transaction or occurrence . . . .
>
> **(d) Privity.** — The law of privity as heretofore articulated in case law in the Commonwealth of Virginia is unaffected by this Rule and remains intact. For purposes of this Rule, party or parties include all named parties and those in privity.

Va. Sup. Ct. R. 1:6.

"Under this rule, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Thus, parties may not relitigate the same cause of action, or any part thereof which *could* have been litigated in the previous action." *D'Ambrosio v. Wolf*, 295 Va. 48, 54 (II) (A) (809 SE2d 625) (2018) (citations and punctuation omitted); accord *Levy*, 68 Va. App. at 580 (II) (B) ("Claim preclusion extends beyond the presented claim itself to include those claims incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered.") (citation and punctuation omitted). Put another way, "if the underlying dispute produces different legal claims that can be joined in a single suit[,] they should be joined unless a judicially-recognized exception to res judicata exists." *D'Ambrosio*, 295 Va. at 54 (II) (A) (citation and punctuation omitted). With these principles in mind, we consider whether the elements of res judicata have been met and whether any exception applies.

(a) *Elements of Res Judicata*.

(i) *Final judgment*. Bradley does not dispute the trial court's conclusion that the federal action resulted in a valid, final judgment. See Va. Sup. Ct. R. 1:6; *Lane*, 297 Va. at 654.

(ii) *Same conduct, transaction, or occurrence*. Before examining identity of parties, we address whether the two actions concern the same conduct, transaction, or occurrence, which informs, in part, our ruling on identity of parties. See Va. Sup. Ct. R. 1:6; *Lane*, 297 Va. at 654. As explained by the Supreme Court of Virginia,

> [f]or purposes of res judicata, deciding what constitutes a single transaction or occurrence under Rule 1:6 should be a practical analysis. The proper approach asks whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. No single factor is indispensable or determinative. The factors should instead be considered pragmatically with a view toward uncovering the true underlying dispute between the parties. Under this approach, it does not matter that the claimant is prepared in the second action (1) to present evidence or grounds or theories of the case not presented in the first action, or (2) to seek remedies or forms of relief not demanded in the first action.

*Funny Guy, LLC*, 293 Va. at 154-155 (II) (C) (2) (citations and punctuation omitted).

Under that rubric, each of Bradley's claims in the current action arises out of the same conduct, transaction, or occurrence as those in the federal action. As discussed above, the plaintiffs in the federal action sought, in relevant part, damages for fugitive wood dust allegedly discharged from the defendants' paper mill and wood

8

chipper onto the class members' properties. Bradley's claims in the current action are premised — either directly or indirectly — on the very same alleged misconduct by the appellees. Thus, as was the case in *Funny Guy, LLC*, "[t]he origin and motivation for the claims are perfectly obvious": Bradley seeks redress for various harms he claims to have suffered due to the fugitive wood dust discharged by the appellees onto his property. 293 Va. at 155 (II) (C) (2) (citation and punctuation omitted). Similarly, "[e]valuating the time and space factors" shows the same connection between the two actions — fugitive wood dust allegedly discharged from the same facilities over the last two-to-three decades "that was ongoing and uninterrupted." Id. (citation and punctuation omitted). Moreover, the theories of recovery asserted in the prior and current actions "all fit within a single factual narrative" — the appellees' failure to adequately abate the dust problem — "that easily forms a convenient trial unit" and "aris[es] out of a natural grouping or common nucleus of operative facts." Id. at 155-156 (II) (C) (2) (citations and punctuation omitted).

(iii) *Identity of parties*. We next address whether the two actions involve the same opposing party or parties. See Va. Sup. Ct. R. 1:6; *Lane*, 297 Va. at 654. As used in Rule 1:6 (a), the term "party or parties" includes "all named parties and those in privity." Va. Sup. Ct. R. 1:6 (d); see *Lee v. Spoden*, 290 Va. 235, 248 (II) (A) (1)

9

(b) (776 SE2d 798) (2015). Under Virginia law, "[p]rivity is a mutual or successive relationship to the same rights of property, or such an identification in interest of one person with another as to represent the same legal rights, and when applied to a judgment or decree refers to one whose interest has been legally represented at the trial." *Lane*, 297 Va. at 655 (citation, punctuation, and emphasis omitted). "The touchstone of privity for purposes of res judicata is that a party's interest is so identical with another that representation by one party is representation of the other's legal right." *Lee*, 290 Va. at 248 (II) (A) (1) (b) (citation and punctuation omitted).

"Privity centers on the closeness of the relationship in question" and, "as used in the context of res judicata . . . , does not embrace relationships between persons or entities, but rather it deals with a person's relationship to the subject matter of the litigation." *Lane*, 297 Va. at 656 (citations, punctuation, and emphasis omitted). "Whether privity exists is determined on a case by case examination of the relationship and interests of the parties." Id. (citation, punctuation, and emphasis omitted).

Here, while Butler, Hamner, and Broome were not named as defendants in the federal action, they are in privity with WestRock, which was a defendant in that action. That is because Bradley's current claims against them concern actions they

10

allegedly took together with WestRock — in their capacities as WestRock personnel — all of which arise out of the same "nucleus of operative facts" as the federal action. *Funny Guy, LLC*, 293 Va. at 155 (II) (C) (2). Those actions therefore are inextricably intertwined with both Bradley's and the prior class members' claims against WestRock. See id. Thus, each party's interest is "identical" with respect to the subject matter of both lawsuits. *Lee*, 290 Va. at 248 (II) (A) (1) (b) (citation and punctuation omitted); see *State Water Control Bd. v. Smithfield Foods*, 261 Va. 209, 212, 215-216 (II) (542 SE2d 766) (2001) (concluding that a state water board and the Environmental Protection Agency were in privity for purposes of res judicata because they "share[d] an identity of interest" in a water discharge permit issued to the defendant that was the subject of separate proceedings by each government entity); superseded in part on other grounds by Rule 1:6 as recognized in *Ghayyada v. Rector & Visitors of the Univ. of Va.*, No. 3:11-cv-00037, 2011 U.S. Dist. LEXIS 102279, at *11 (III) (A), n. 5 (W.D. Va. Sept. 12, 2011). And as further evidence of their privity with WestRock, the three individual defendants are represented by the same counsel as WestRock.

11

(b) *Exceptions to Res Judicata*.

(i) Bradley appears to argue that the trial court erred by failing to apply an exception to the doctrine of res judicata that operates when the defendants have engaged in fraud. But none of the authority he cites addresses any such exception, and we therefore deem this argument abandoned. See Court of Appeals Rule 25 (d) (1) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."); *Brittain v. State*, 329 Ga. App. 689, 704 (4) (a) (766 SE2d 106) (2014) ("[A]n appellant must support enumerations of error with argument and citation of authority, and mere conclusory statements are not the type of meaningful argument contemplated by our rules.") (citation and punctuation omitted); *Dixon v. MARTA*, 242 Ga. App. 262, 266 (4) (529 SE2d 398) (2000) (legal analysis, at a minimum, requires "a discussion of the appropriate law as applied to the relevant facts") (citation and punctuation omitted).

(ii) Bradley also claims that res judicata does not bar a claim for fraud that he seeks to assert arising out of the appellees' alleged refusal to provide a scientific report in October 2022 because the claim did not accrue until then. But he fails to explain how the refusal to provide information may support a claim for fraud, which instead requires a false representation. See *DaimlerChrysler Motors Co. v. Clemente*,

294 Ga. App. 38, 50 (3) (668 SE2d 737) (2008) (the elements of fraud include "a false representation by a defendant") (citation and punctuation omitted). This claim therefore also does not entitle him to relief.

(iii) As noted above, Rule 1:6 permits parties to "prosecut[e] separate personal injury and property damage suits arising out of the same conduct, transaction or occurrence." Va. Sup. Ct. R. 1:6 (c). Under this exception to the application of res judicata in Virginia, claim preclusion does not apply "to the unique contexts of" related "property and personal injury damage suits." *Funny Guy, LLC*, 293 Va. at 150 (II) (B), n. 15. The exception is implicated in this case because the federal action was limited to trespass and nuisance claims that sought damages only for property damage and not for personal injuries.

Here, it is axiomatic that Bradley's breach-of-contract claims sound in contract, not tort, and therefore do not benefit from this exception. The same is true for Bradley's claims for fraud, ABA violations, and unauthorized practice of law, which target wrongs that are distinct from his claims for personal injury. Cf. *Isle v. Martin*, 91 Va. Cir. 149, 152-153 (A) (1) (2015) (an action seeking damages for injuries caused by ingesting contaminated well water was not barred by a prior action that sought non-personal-injury damages arising from the use of the same well). His

13

claims for design defects and negligence, however — which allege that the design and operation of the mill and its associated "wood yard" exposed him to "carcinogenic dust" and caused his cancer — appear to fall squarely within the category of "personal injury" claims that qualify for the Rule 1:6 (c) exception to the application of res judicata.[5] See id.

While the appellees cite various decisions from jurisdictions other than Virginia in support of their claim that Bradley may not avail himself of the Rule 1:6 (c) exception, those decisions have no bearing here, given the plain meaning of the Virginia rule. And the appellees' claim that the Rule 1:6 (c) exception does not apply here because Bradley's personal injury claims accrued before the federal action also is misplaced, as the plain language of the rule contains no such limitation. We therefore conclude that Bradley's design defect and negligence claims are not barred by res judicata.

2. The appellees alternatively contend that we may affirm the trial court's ruling under the "right for any reason" rule because Bradley's personal injury claims

---

[5] Bradley's claims for "Damages" and "Punitive Damages" do not assert independent causes of action, but rather seek different forms of relief premised on his other substantive claims.

14

are barred by the applicable statute of limitation. On the procedural posture of this case, that issue should be addressed by the trial court in the first instance.

> This is a court for the review and correction of errors committed in the trial court, and an argument that was not made below will not be considered on appeal. Although, as a matter of judicial economy, we will affirm a grant of summary judgment under the "right for any reason" rule, we will generally only do so when the judgment may be sustained upon a legal basis apparent from the record *and which was fairly presented in the court below*.

*Bullington v. Blakely Crop Hail*, 294 Ga. App. 147, 152 (3) (668 SE2d 732) (2008) (emphasis supplied; citations and punctuation omitted); accord *Ga.-Pacific v. Fields*, 293 Ga. 499, 503-504 (2) (748 SE2d 407) (2013) (explaining that, on summary judgment, non-movants are "not required to produce any counter evidence or materials in affirmative support of their side of the issue until the [movants] carried the burden placed upon them" as the parties seeking summary judgment and that a grant of summary judgment will be affirmed if it is right for any reason, "*so long as the movant raised the issue in the trial court and the nonmovant had a fair opportunity to respond*") (citations and punctuation omitted).

The appellees did not raise a statute of limitation defense in their motion to dismiss (which the trial court converted into a motion for summary judgment), and

Bradley therefore did not address the issue in his opposition brief. The appellees raised the issue for the first time in their summary judgment reply brief. Moreover, the trial court expressly declined to address the matter during the summary judgment hearing. Under these circumstances, the issue was not "fairly presented . . . below," and the trial court should address it in the first instance on remand after all parties have had an adequate opportunity to be heard. *Bullington*, 294 Ga. App. at 152 (3) (citation and punctuation omitted); accord *Ga.-Pacific*, 293 Ga. at 503-504.

3. In sum, we reverse the trial court's rulings that Bradley's design defect and negligence claims are barred by res judicata, affirm the rulings that his remaining substantive claims are precluded, and remand the case to the trial court for further proceedings.

*Judgment affirmed in part and reversed in part, and case remanded with direction. Doyle, P. J., and Gobeil, J., concur.*