A08A1905. BULLINGTON v. BLAKELY CROP HAIL, INC. et al.
(668 SE2d 732)

ELLINGTON, Judge.

The Superior Court of Crisp County granted summary judgment[1] in favor of Blakely Crop Hail, Inc., after finding that John Bullington's action for crop insurance benefits was untimely.[2] Bullington appeals and contends, inter alia, that the trial court erred in ruling that the applicable limitation period was one year from the date Blakely denied his claim and erred in determining the date on which the limitation period began to run. For the reasons that follow, we reverse.

As the appellate court,

> [w]e review de novo a trial court's grant of summary judgment, construing the evidence in a light most favorable to the nonmoving party. To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the nonmovant's favor, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant who will

---

[1] The motions to dismiss were converted into motions for summary judgment by the court's consideration of matters outside of the pleadings. OCGA § 9-11-12 (b) ("If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Code Section 9-11-56."); *Aycock v. Calk*, 222 Ga. App. 763 (476 SE2d 274) (1996).

[2] Bullington also named as parties defendant Blakely's vice president, Russell Slade, Farmers Crop Insurance Alliance, Blakely's successor-in-interest following a corporate merger, and Cotton States Mutual Insurance Company, which drafted the policy. Bullington dismissed without prejudice his action against Slade. Farmers Crop Insurance Alliance and Cotton States Mutual Insurance Company joined in Blakely's motion to dismiss and in this appeal.

not bear the burden of proof at trial need only show an absence of evidence to support an essential element of the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e).

(Citations and punctuation omitted.) *Latson v. Boaz*, 278 Ga. 113, 113-114 (598 SE2d 485) (2004).

Construed in a light most favorable to Bullington, the record shows the following. In September 2000, Blakely issued a multiple peril crop insurance policy to cover Bullington's 2001 peanut crop. The Federal Crop Insurance Corporation ("FCIC") reinsured the policy under the provisions of the Federal Crop Insurance Act, 7 USC § 1501 et seq. As noted in the policy,

[a]ll provisions of the policy and rights and responsibilities of the parties are specifically subject to the Act. The provisions of the policy are published in the *Federal Register* and codified in chapter IV of title 7 of the Code of Federal Regulations (CFR) . . . and may not be waived or varied in any way by the crop insurance agent or any other agent or employee of FCIC or [Blakely].

See 7 CFR § 457.8.

The policy requires Bullington to give Blakely notice within 72 hours of his initial discovery of crop damage. In addition, the policy requires Bullington to submit a written claim for indemnity. Under the policy, Blakely's duties include, if Bullington complies with all the policy provisions, to "pay [his] loss within 30 days after: (1) [it] reach[es] agreement with [him]; (2) [c]ompletion of arbitration or appeal proceedings; or (3) [t]he entry of a final judgment by a court of competent jurisdiction."

In Section 20, entitled "Arbitration," the policy provides that, if Bullington and Blakely "fail to agree on any factual determination, the disagreement will be resolved in accordance with the rules of the American Arbitration Association. Failure to agree with any factual determination made by FCIC must be resolved through the FCIC appeal provision published at 7 CFR part 11." In Section 25, entitled "Legal Action Against [Blakely]," the policy provides:

(a) [Bullington] may not bring legal action against [Blakely] unless [he has] complied with all of the policy provisions.

(b) If [he does] take legal action against [it], [he] must do so within 12 months of the date of denial of the claim. Suit must be brought in accordance with the provisions of 7 USC 1508 (j).[3]

(c) [His] right to recover damages (compensatory, punitive, or other), attorney's fees, or other charges is limited or excluded by [the] contract or by Federal Regulations.

On September 17, 2001, Bullington gave Blakely notice of damage to his 2001 peanut crop and subsequently filed a claim for benefits under his crop insurance policy. By letter dated January 4, 2002, Blakely informed Bullington that it had determined that the amount of seed per acre he had planted was not consistent with his previous farming practices. Based on this, Blakely found that Bullington failed to comply with the provisions of the policy and, as a result, he had "no coverage" for his 2001 peanut crop. The letter concluded, "If you do not agree or would like to add any other information concerning this claim, please respond to the above address."

By letter dated January 22, 2002, Bullington took issue with Blakely's factual determination regarding his farming practices and provided additional information about his seed purchases. By letter dated January 31, 2002, Blakely stated that it had reviewed its files and determined that "a mistake was made in the amount of seed

---

[3] (j) Claims for losses

(1) In general

Under rules prescribed by the Corporation, the Corporation may provide for adjustment and payment of claims for losses. The rules prescribed by the Corporation shall establish standards to ensure that all claims for losses are adjusted, to the extent practicable, in a uniform and timely manner.

(2) Denial of claims

(A) In general

Subject to subparagraph (B), if a claim for indemnity is denied by the Corporation or an approved provider on behalf of the Corporation, an action on the claim may be brought against the Corporation or Secretary only in the United States district court for the district in which the insured farm is located.

(B) Statute of limitations

A suit on the claim may be brought not later than 1 year after the date on which final notice of denial of the claim is provided to the claimant.

(3) Indemnification

The Corporation shall provide approved insurance providers with indemnification, including costs and reasonable attorney fees incurred by the approved insurance provider, due to errors or omissions on the part of the Corporation.

(4) Marketing windows

The Corporation shall consider marketing windows in determining whether it is feasible to require planting during a crop year.

7 USC § 1508 (j) (2000).

purchased." After recalculating Bullington's peanut seed usage for 2001, Blakely found that he had used an even *smaller* quantity of seed per acre than it had originally found. At the conclusion of Blakely's January 31, 2002 letter, it said that its January 4, 2002 letter "must stand in that [Blakely] den[ies] coverage to [Bullington] on [his] peanut crop . . . for the 2001 crop year."

On January 29, 2003, Bullington filed with the American Arbitration Association a demand for arbitration of his dispute with Blakely regarding his claim for crop insurance benefits for his 2001 peanut crop. The arbitration is reportedly still pending. Bullington filed this action on January 3, 2008.

In considering the appellees' motion to dismiss, the trial court determined that the insurance contract at issue required Bullington to bring legal action within 12 months of the denial of his claim. The trial court determined that Blakely denied Bullington's claim in the January 4, 2002 letter. Because Blakely failed to bring any legal action by January 4, 2003, the trial court concluded that the appellees are entitled to judgment as a matter of law.

1. Bullington contends that this action is subject to the six-year statute of limitation for actions on simple contracts in writing, set out in OCGA § 9-3-24,[4] and, therefore, that the trial court erred in applying a one-year limitation period. We disagree. The insurance contract plainly established a one-year period of limitation. See *Rain & Hail Ins. Svcs. v. Vickery*, 274 Ga. App. 424, 425 (1) (618 SE2d 111) (2005) (crop insurance policy required that any legal action arising out of the policy be brought within 12 months of the date of denial of the claim). It is well established that an insurance policy provision that places a one-year limitation upon the right of the insured to sue the insurer is valid and enforceable even though it shortens the period allowed by statute. *Ga. Farm &c. Ins. Co. v. Pawlowski*, 284 Ga. App. 183, 184 (1) (643 SE2d 239) (2007); *Rain & Hail Ins. Svcs. v. Vickery*, 274 Ga. App. at 425 (1); *McCoury v. Allstate Ins. Co.*, 254 Ga. App. 27, 28 (1) (561 SE2d 169) (2002); *Parks v. State Farm Gen. Ins. Co.*, 238 Ga. App. 814, 816 (2) (520 SE2d 494) (1999).[5]

2. Bullington contends that the trial court erred in concluding that Blakely denied his claim on January 4, 2002, and that he failed to take legal action within 12 months of that date. We agree. First,

---

[4] See *Lester v. Aetna Life Ins. Co.*, 172 Ga. App. 486, 487 (323 SE2d 655) (1984) ("A contract of insurance not executed under seal is a simple contract in writing, and where no contractual limitations are contained therein as to the time when an action on the policy shall be brought, the [six-year] statute of limitations applicable to simple contracts in writing applies.") (citations and punctuation omitted).

[5] See generally Sonja Larsen, 16 Georgia Jurisprudence Insurance, § 19:40 (August 2007).

Blakely's January 4, 2002 letter expressly invited Bullington to contact it if he disagreed with its factual determination regarding his compliance with required farming practices or if he wished to add any other information concerning the claim. Furthermore, there is evidence that the invitation was not merely hollow; rather, the January 31, 2002 letter demonstrated that, in response to Bullington's follow-up letter, Blakely thoroughly reconsidered its calculations using new information. A jury could find from the evidence that Blakely did not deny Bullington's claim until January 31, 2002. See *Rain & Hail Ins. Svcs. v. Vickery*, 274 Ga. App. at 425-427 (1) (affirming trial court's determination that a jury issue existed regarding the date of denial of a crop insurance claim based, in part, on language in a letter purporting to deny the claim that reflected an ongoing dialogue between the parties about the viability of the claim); *Commercial Union Ins. Co. v. F. R. P. Co.*, 172 Ga. App. 244, 245-248 (1) (322 SE2d 915) (1984) (affirming trial court's determination that a jury issue existed regarding the date of denial of a claim for loss of product where letter purporting to deny the claim contemplated the receipt of additional evidence and a meeting to discuss a possible settlement for the loss).[6]

Furthermore, the record shows that Bullington took legal action against Blakely within 12 months of January 31, 2002. Filing a demand for arbitration constitutes "legal action."[7] The applicable federal regulations and the insurance contract at issue required Bullington to submit any disagreement "on any factual determination" to arbitration. If, as Bullington contends, Blakely denied his claim on January 31, 2002,[8] then Bullington satisfied the require-

---

[6] See also 7 USC § 1508 (j) (2) (B) (which was incorporated by reference into the subject policy's limitation provision and which provides that the trigger date for the limitation period is "the date on which final notice of denial of the claim is provided to the claimant"); U. S. Dept. of Agriculture, Risk Management Agency, Final Agency Determination FAD-030 (issued June 4, 2004) (as used in paragraph 25 (b) of the Basic Provisions, the identical provision to that found in Bullington's policy, the "date of denial of the claim" is "the date the insurance provider notifies the insured producer of the amount of an indemnity payment or a determination that no indemnity payment is due, with or without interest"; 7 CFR § 400.765 et seq. (Subpart X) (authorizing publication of final agency determinations of the interpretation of any provision of the Federal Crop Insurance Act or the regulations promulgated thereunder). Cf. *Davis v. Allstate Ins. Co.*, 147 Ill. App. 3d 581, 583 (498 NE2d 246) (1986) (letter by insurer which denied insured's claim on the basis of insured's fraud, false swearing, material misrepresentation, failure to protect the insured property, and public policy relating to arson, and which returned the insured's sworn statement in proof of loss to her, was the date of denial of the claim, because the letter made no reference to any technical defect in the form or execution of the statement, nor did it suggest that the insured submit an amended statement).

[7] See U. S. Dept. of Agriculture, Risk Management Agency, Final Agency Determination FAD-013 (issued April 23, 2002) (as used in paragraph 25 (b), "legal action" encompasses both litigation and arbitration).

[8] In this case, this issue is for the factfinder to determine. See Division 1, supra.

ment that he take legal action within 12 months of that date when he filed his demand for arbitration. Accordingly, the trial court erred in concluding that the evidence demanded a finding that Bullington failed to take legal action against Blakely within 12 months after it denied his claim.

3. We do not reach the issue of whether Bullington's action is subject to dismissal on the basis that the arbitration is still pending.[9] This is a court for the review and correction of errors committed in the trial court, and an argument that was not made below will not be considered on appeal. *Grizzle v. Norsworthy*, 292 Ga. App. 303, 305 (1) (b) (664 SE2d 296) (2008); *Renz v. Northside Hosp.*, 285 Ga. App. 882, 886 (648 SE2d 186) (2007). "Although, as a matter of judicial economy, we will affirm a grant of summary judgment under the 'right for any reason' rule, we will generally only do so when the judgment may be sustained upon a legal basis apparent from the record and which was fairly presented in the court below." (Citation omitted.) *Hart v. Appling County School Bd.*, 266 Ga. App. 300, 302 (2) (597 SE2d 462) (2004) (physical precedent only). Nothing in the record before us shows that the argument that this action is subject to dismissal because arbitration of Blakely's factual determinations was not completed before he filed his complaint was fairly presented in the court below.

*Judgment reversed. Blackburn, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 24, 2008 —
RECONSIDERATIONS DENIED OCTOBER 21, 2008 —

*William L. Waller Preston*, for appellant.
*Hall, Bloch, Garland & Meyer, Jay C. Traynham, Thomas C. James, Jr.*, for appellees.

---

[9] See Final Agency Determination FAD-013 (under paragraph 25 (b), "[a]rbitration must be completed prior to the producer's bringing any suit in a court"); *Nobles v. Rural Community Ins. Svcs.*, 122 FSupp.2d 1290, 1295 (III) (B) (1) (M.D. Ala. 2000) (the requirement in all agency-approved crop insurance contracts that any dispute about "any factual determination" made by an insurer "will be resolved in accordance with the rules of the American Arbitration Association" means that an aggrieved insured may bring a lawsuit against the insurance company "only after submitting 'any factual determination' to arbitration") (citation omitted).