BARNES, Presiding Judge,
dissenting.
I respectfully dissent because Alabama law applies to plaintiff Coon’s emotional distress claims under the choice-of-law rule of lex loci delicti, and the trial court’s order granting summary judgment to the defendant hospital therefore should be vacated and the case remanded for application of the proper law. Contrary to the majority opinion, the public policy exception to the lex loci delicti rule does not apply here, given that application of Alabama law in a case involving the mishandling of human remains does not seriously contravene the public policy underlying Georgia’s impact rule. And contrary to the special concurrence, the fact that Coon does not point to an Alabama statute to support her claims has no bearing under the circumstances of this case, where the hospital did not raise that issue in the court below, Coon had no notice or opportunity to be heard on the issue, and the trial court never considered the issue as part of its summary judgment ruling.
Given the facts of this case, Alabama rather than Georgia law should apply under the choice-of-law rule of lex loci delicti. Under that rule, courts apply the “substantive law of the place where the tort or wrong occurred.” Intl. Business Machines Corp. v. Kemp, 244 Ga. App. 638, 640 (1) (a) (636 SE2d 303) (2000). The place where the tort or wrong occurred “is the place where the injury sustained was suffered rather than the place where the act was committed,” or put a different way, “the place where the last event necessary to make an actor liable for an alleged tort takes place.” (Citation and punctuation omitted.) Risdon Enterprises v. Colemill Enterprises, 172 Ga. App. 902, 903 (1) (324 SE2d 738) (1984).
The hospital’s mishandling of the remains of Coon’s stillborn baby occurred in Georgia, but Coon was at her home in Alabama when she received the telephone call from the hospital in which she first learned of the mistake. Before that telephone call, Coon could not have logically suffered emotional injury as a result of the hospital’s alleged tortious conduct because she had been unaware of what had occurred. It was at that point, upon finding out that the hospital never released her stillborn baby to the Alabama funeral home, that she had buried the wrong baby, and that she was going to have to endure another burial, that Coon began suffering emotional distress related *289 to the hospital’s mishandling of the remains. In addition, the initial funeral service and the burial, exhumation, and second burial all occurred in Alabama. Based on this record, Coon’s injury clearly was sustained in Alabama; therefore, the “last event” related to her emotional distress claim occurred in that state, and Alabama rather than Georgia law should apply under the rule of lex loci delicti. See Intl. Business Machines Corp., 244 Ga. App. at 641 (1) (a).
As the majority opinion points out, application of the rule of lex loci delicti is subject to a public policy exception. See Alexander v. Gen. Motors Corp., 267 Ga. 339, 340-341 (478 SE2d 123) (1996); Carroll Fulmer Logistics Corp. v. Hines, 309 Ga. App. 695, 696-698 (710 SE2d 888) (2011); Karimi v. Crowley, 172 Ga. App. 761, 762-763 (324 SE2d 583) (1984). “Under this exception, even if the tort occurred in another state, a Georgia court will not as a matter of courtesy or comity apply the other state’s substantive law if the law of the other state contravenes the public policy of Georgia.” (Citations and punctuation omitted.) Carroll Fulmer Logistics Corp., 309 Ga. App. at 696. See Alexander, 267 Ga. at 340. But the public policy exception applies only if the law of the other state is so “radically dissimilar to anything existing in our own system of jurisprudence” that it would “seriously contravene” the policy embodied in Georgia law. Southern R. Co. v. Decker, 5 Ga. App. 21, 25 (1), 29 (2) (62 SE 678) (1908).
As the “radically dissimilar” requirement suggests, the fact that the law of another state differs in some respect from our own law does not mean that the law of the other state necessarily violates the public policy of Georgia; otherwise, a choice of law analysis would never be necessary, and the rule of lex loci delicti would be rendered moot. See Southern R. Co., 5 Ga. App. at 22 (2) (holding that the application of Alabama law would not contravene Georgia public policy even though the measure of damages under Alabama law was “dissimilar to the measure prescribed in like cases by the statutes of this state”) (syllabus by the court). Moreover, there is a presumption in favor of applying the lex loci delicti rule, “and the burden rests upon the party objecting to show that the enforcement of the proper law would be inconsistent with the domestic policy” of this state. (Citation and punctuation omitted.) Id. at 29 (2).
The majority opinion concludes that application of Alabama law in this case would conflict with Georgia public policy because Alabama, in contrast to Georgia, does not apply an impact rule in emotional distress cases involving the negligent mishandling of human remains. But the fact that the emotional distress laws of Alabama and Georgia differ in some respect does not demonstrate, without more, that Georgia public policy would be undermined by applying Alabama law. Indeed, the majority does not specifically *290 identify or discuss any of the public policy reasons for Georgia’s impact rule or explain how application of Alabama law in this case would seriously contravene them. When the public policy reasons for the impact rule are identified and considered, however, it is clear that application of Alabama law in a case like the present one would not seriously contravene Georgia public policy.
Under Georgia’s impact rule, “[i]n a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury.” (Citation and punctuation omitted.) Lee v. State Farm Mut. Ins. Co., 272 Ga. 583, 584 (I) (533 SE2d 82) (2000). In Lee, our Supreme Court identified the three public policy reasons underlying Georgia’s impact rule:
First, there is the fear, that absent impact, there will be a flood of litigation of claims for emotional distress. Second, is the concern for fraudulent claims. Third, there is the perception that, absent impact, there would be difficulty in proving the causal connection between the defendant’s negligent conduct and claimed damages of emotional distress.
272 Ga. at 587 (II). Where these three public policy concerns are not present, our Supreme Court and this Court have recognized certain limited exceptions to the application of the impact rule. See Lee, id. at 588 (III) (declining to apply the impact rule where a parent physically injured in an automobile collision sought to recover for emotional distress caused by witnessing the death of her child in the collision); Bruscato v. O’Brien, 307 Ga. App. 452, 457-458 (1) (705 SE2d 275) (2010) (declining to apply the impact rule to a medical malpractice claim).
These three public policy concerns are likewise not present in this case, where the narrow issue is the application of Alabama law in a Georgia court to a claim for the mishandling of human remains. As Lee makes clear, the impact rule is designed to safeguard Georgia courts from a flood of amorphous, potentially fraudulent emotional distress claims by injecting an objective benchmark (physical injury or pecuniary loss) into the analysis. But there is no risk of a flood of litigation in Georgia by simply allowing a plaintiff to pursue an emotional distress claim under Alabama law in the limited context where the lex loci delicti rule makes that law applicable in a Georgia court. Thus, the important gate-keeping function that the impact rule serves will not be undermined by allowing the present case to proceed under Alabama law. Furthermore, concerns about avoiding fraudulent claims, and about proving the causal connection between the *291 alleged negligent conduct and the claimed emotional distress, are far less pronounced in the unusual and tragic circumstance where a child’s remains have been mishandled — a circumstance that virtually everyone would agree would cause emotional suffering to the parent. Consequently, application of Alabama law in this context would not seriously contravene the public policy concerns that underlie Georgia’s impact rule, and the public policy exception to the lex loci delicti rule therefore is inapplicable. Cf. Dawkins v. State, 412 SE2d 407, 408 (S.C. 1991) (application of Georgia’s impact rule in a South Carolina court would not violate the public policy exception to the rule of lex loci delicti).
Because Georgia’s public policy exception to the lex loci delicti rule does not apply in this case, the trial court erred by relying upon Georgia law rather than Alabama law in evaluating Coon’s emotional distress claims on summary judgment. Accordingly, this Court should vacate the trial court’s grant of summary judgment in favor of the hospital and remand for the trial court to consider in the first instance whether the hospital is entitled to summary judgment on Coon’s emotional distress claims under Alabama law. See City of Gainesville v. Dodd, 275 Ga. 834, 838-839 (573 SE2d 369) (2002); United HealthCare of Ga. v. Ga. Dept. of Community Health, 293 Ga. App. 84, 92-93 (2) (d) (666 SE2d 472) (2008).
The allegedly material distinction drawn by the special concurrence between statutory and common law claims for purposes of Georgia’s choice-of-law rules should not change the outcome here. The special concurrence would affirm the trial court’s grant of summary judgment to the hospital under the “right for any reason” rule because “Coon does not contend that an Alabama statute governs her claims” and Georgia courts allegedly are not bound by Alabama courts’ construction of the common law of emotional distress. But this argument was not presented in the hospital’s motion for summary judgment before the trial court, the issue was not raised by either party on appeal, and Coon has had no opportunity to respond to the argument or explain whether there are any Alabama statutes that bear on her claims.
This is a court for the review and correction of errors committed in the trial court, and an argument that was not made below will not be considered on appeal. Although, as a matter of judicial economy, we will affirm a grant of summary judgment under the “right for any reason” rule, we will generally only do so when the judgment may be sustained upon a legal basis apparent from the record and which was fairly presented in the court below.
*292 Decided November 20, 2015
Reconsideration denied December 15, 2015
E Houser Pugh; Beasley, Allen, Crow, Methvin, Portis & Miles, Archie I. Grubb II, for appellant.
Hall Booth Smith, John E. Hall, Jr., W. Scott Henwood, Mark W. Wortham, Paul D. Ivey, Jr., Lauren K. Dimitri, for appellee.
(Citations and punctuation omitted; emphasis supplied.) Bullington v. Blakely Crop Hail, 294 Ga. App. 147, 152 (3) (668 SE2d 732) (2008).
Because nothing in the record before us shows that the argument raised sua sponte by the special concurrence was fairly presented in the court below, we should not consider whether to affirm the trial court on that alternative basis. See Bullington, 294 Ga. App. at 152 (3); Grizzle v. Norsworthy, 292 Ga. App. 303, 305 (1) (b) (664 SE2d 296) (2008). Compare Cox v. Edelson, 243 Ga. App. 5, 7-8 (1) (530 SE2d 250) (2000) (summary judgment will not be affirmed as “right for any reason” based on legal argument never raised below), with Abellera v. Williamson, 274 Ga. 324, 327 (2) (553 SE2d 806) (2001) (appellate court may determine whether the trial court’s grant of summary judgment was right for an alternative reason that was raised in the court below but not addressed by the trial court in its order). Any other result deprives Coon of a “full and fair notice and opportunity to respond prior to entry of summary judgment.” (Citations and punctuation omitted.) Hodge v. SADA Enterprises, 217 Ga. App. 688, 690 (1) (458 SE2d 876) (1995).
For these combined reasons, the emotional distress law of Alabama applies in this case, necessitating that we vacate the trial court’s summary judgment order and remand for application of that law. Because the majority opinion and the special concurrence conclude otherwise, I must respectfully dissent.