**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 27, 2017**

# In the Court of Appeals of Georgia

A17A0617. GEORGIA DERMATOLOGIC SURGERY CENTERS,
    P.C., et al. v. DAVID B. PHARIS, et al.

BETHEL, Judge.

Georgia Dermatologic Surgery Centers, P.C. ("GDSC") and Mark F. Baucom (derivatively on behalf of, and as shareholder of, GDSC) appeal two summary judgment orders, one of which found that all of Baucom's counterclaims failed, and the other of which found GDSC had to indemnify David B. Pharis for his reasonable expenses incurred by Pharis' successful defense in an earlier, separate lawsuit. GDSC and Baucom challenge the basis for the summary judgment orders. We affirm the court's grant of summary judgment with respect to GDSC's indemnification of Pharis, but vacate the court's order granting summary judgment to Pharis on Baucom's

counterclaims and remand the case for further proceedings consistent with this opinion.

"We review a grant of summary judgment de novo, and we view the evidence in a light most favorable to the nonmovant." *Georgia Dermatologic Surgery Centers, P.C. v. Pharis,* 323 Ga. App. 181, 182 (746 SE2d 678) (2013) (citation omitted). So viewed, the evidence shows that Pharis and Baucom formerly practiced together as dermatologic surgeons in their jointly-owned medical practice, GDSC. Baucom removed Pharis from GDSC as an employee, officer, and director. Pharis brought suit against GDSC over the termination, and opened his own clinic, David B. Pharis, M.D., P.C. in early 2011. In 2012, the trial court ruled that Pharis had been illegally terminated and ordered Pharis reinstated at GDSC as an employee and as vice-president, secretary, and treasurer. This Court later affirmed that finding, holding that Baucom did not have authority to terminate Pharis—such action had to come from GDSC's board of directors. *See Georgia Dermatologic Surgery Centers*, 323 Ga. App. at 183-84 (1). The lawsuit returned to the lower court for a trial on damages.

However, Pharis continued working for his own clinic, and Baucom conceded during a 2014 deposition in another lawsuit between the two parties that Pharis was

operating a lawful competing practice. Baucom also conceded that he did not then consider Pharis to be an officer or director of GDSC at that time. Pharis demonstrated through testimony and other documents that Baucom was listed as the only director and officer of GDSC on its annual corporate minutes, GDSC's annual corporate registration statement, and tax returns for the years following the termination. However, shortly before the trial on damages,[1] Baucom delivered a letter to Pharis indicating an intention to take legal action against Pharis for breach of fiduciary duties to GDSC, among other things.

On March 23, 2015, Pharis filed suit against Baucom and GDSC seeking: (1) a declaratory judgment as to the propriety of Pharis continuing to practice in his own clinic;[2] (2) indemnification against GDSC under OCGA § 14-2-852 for Pharis' successful defense in an earlier, separate lawsuit; and (3) attorneys' fees and litigation costs pursuant to OCGA § 13-6-11.[3] GDSC and Baucom filed a counterclaim for

---

[1] A jury awarded Pharis $1.3 million on his claim against GDSC for breach of contract. *Georgia Dermatologic Surgery Ctrs., P.C. v. Pharis*, 339 Ga. App. 764 (792 SE2d 747) (Ga. App. Nov. 14 2016). This Court reversed a portion of the damages awarded. *See id.* at 771-72.

[2] This claim was later dropped.

[3] The claim for attorney fees and costs under OCGA § 13-6-11 was also dropped.

breach of fiduciary duties, usurpation of corporate opportunities, civil conspiracy, and attorney fees and costs.

Pharis moved for summary judgment on all of GDSC and Baucom's counterclaims, which the trial court granted. In its order, the trial court found that Baucom was estopped from asserting that Pharis is a director or officer of GDSC, and that therefore Baucom and GDSC's derivative counterclaims against Pharis for breach of fiduciary duties and usurpation of corporate opportunities fail as a matter of law.[4] The trial court further found that the failure of those two counterclaims also caused other derivative counterclaims by Baucom and GDSC for civil conspiracy and attorney fees to fail.

Pharis additionally moved for summary judgment as to his claim that GDSC was responsible for indemnifying him for his expenses in successfully defending against an earlier, separate lawsuit as provided in OCGA § 14-2-852. The trial court granted Pharis' motion and found that GDSC was responsible under the statute for

---

[4] At the hearing on the motion, the trial court understandably took issue with Baucom's actions in designating himself the only officer and director and conducting his business without Pharis but then later bringing suit against Pharis for breach of fiduciary duties.

4

indemnifying Pharis for the reasonable expenses incurred by his successful defense in the 2013 litigation. This appeal of both summary judgment orders followed.

1. Baucom and GDSC argue that the trial court erred in granting summary judgment in Pharis' favor because the trial court relied on unspecified principles of equity, and because there is a dispute of material fact with respect to each of the elements of equitable estoppel, which also formed the basis for the trial court's grant of summary judgment on the counterclaims asserted against Pharis.

The essential elements of equitable estoppel are: (1) a false representation or concealment of facts; (2) within the knowledge of the party making the one or concealing the other; (3) the person affected thereby must be ignorant of the truth; (4) the person seeking to influence the conduct of the other must act intentionally for that purpose; and (5) the person complaining shall have been induced to act by reason of such conduct of the other. *Kim v. Park*, 277 Ga. App. 295, 296, 626 S.E.2d 232, 233 (2006). "There can be no estoppel by conduct where both parties have knowledge or equal means of knowing the truth." *Collins v. Grafton, Inc.*, 263 Ga. 441, 443 (2) (435 SE2d 37) (1993) (citation omitted).

The trial court did not specify how it found each of these elements were met, and supporting evidence does not obviously appear from the record. Indeed, rather

5

than defend the equitable theory on which the trial court based its order, Pharis instead argues that the order should be affirmed as "right for any reason" because of the dearth of evidence showing that he was reinstated as an officer or director of GDSC. "Under the 'right for any reason' rule, an appellate court will affirm a judgment if it is correct for any reason, even if that reason is different than the reason upon which the trial court relied." *City of Gainesville v. Dodd*, 275 Ga. 834, 835 (573 SE2d 369) (2002). This Court applies that principle only where "the judgment may be sustained upon a legal basis *apparent from the record* and which was fairly presented in the court below." *Bullington v. Blakely Crop Hail, Inc.*, 294 Ga. App. 147, 152 (3) (668 SE2d 732) (2008) (citation omitted) (emphasis supplied).

But under these circumstances, "we have discretion either to perform an independent de novo review of the record that was properly before the trial court in order to determine whether summary judgment was appropriate for another reason or to return the case to the trial court for further proceedings." *McRae v. Hogan*, 317 Ga. App. 813, 818 (4) (732 SE2d 853) (2012) (citing *City of Gainesville v. Dodd*, 275 Ga. 834, 838-39 (573 SE2d 369) (2002)). Here, despite the persuasive and strong arguments from Pharis, we do not believe the record is sufficiently developed on these points for us to act on his "right for any reason" theory. A review of the facts

6

and legal issues leads us to conclude that a remand with respect to GDSC and Baucom's counterclaims is appropriate.

2. Baucom and GDSC argue that the trial court should not have found that GDSC has to indemnify Pharis for the litigation expenses he incurred in connection with his successful defense of claims asserted against him in the 2013 lawsuit.[5] Rather, Baucom and GDSC argue that at a minimum, a fact question exists as to whether Pharis was sued as a director because Pharis was also sued as an officer in the 2013 litigation, and therefore would have owed the same fiduciary duties he was sued for breaching.

OCGA § 14-2-852 provides for mandatory indemnification of reasonable expenses incurred by a director in connection with a proceeding where the director "who was wholly successful, on the merits or otherwise, in the defense of any proceeding to which he or she was a party because he or she was a director of a corporation[.]" By its express terms, the statute leaves no room for discretion. *Crocker v. Stephens*, 210 Ga. App. 231, 239 (9) (435 SE2d 690) (1993), *disapproved of on other grounds by Kim v. Lim*, 254 Ga. App. 627 (563 SE2d 485) (2002).

---

[5] In the 2013 lawsuit, Pharis was sued for breaching his fiduciary duty to GDSC prior to his termination.

7

The first amended complaint in the 2013 litigation reflects that Pharis was sued by Baucom for breach of fiduciary duty in his capacity of shareholder, officer, director, and partner. Summary judgment was granted in Pharis' favor on all of Baucom's claims asserted in the 2013 lawsuit. In that order, the trial court stated that Baucom did not have standing to assert a breach of fiduciary duty claim directly against Pharis because the two were co-directors and co-shareholders, not partners.

The claim against Pharis in his capacity as a director is not negated by the fact that Baucom also asserted a claim against Pharis in his other capacities, as well. *See Crocker*, 210 Ga. App. at 239 (9) (disregarding plaintiffs' argument that party was not entitled to indemnification because action was unrelated to his position as a director where plaintiffs specifically alleged party breached his fiduciary duty as a director). The trial court did not err in finding indemnification proper here.

*Judgment affirmed in part and vacated in part. Case remanded. McFadden, P. J., and Branch, J., concur.*