**THIRD DIVISION**
**GOBEIL,**
**COOMER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**January 16, 2019**

# In the Court of Appeals of Georgia

A18A1725. RIVERS v. RIVERS et al.

GOBEIL, Judge.

Tamie Rae Rivers ("Ms. Rivers") appeals from the Gwinnett County State Court's denial of her motion for default judgment and dismissal for want of prosecution of her continuing garnishment action against Steven Rivers ("defendant") and his employer Austin Commercial, LP ("garnishee"). She argues that the trial court erred in failing to enter a default judgment and in dismissing the case for want of prosecution . We agree, and we therefore vacate the trial court's order and remand the case for further proceedings.

On March 6, 2017, Ms. Rivers filed a continuing garnishment action against the defendant and the garnishee based on a 2012 Florida judgment she holds against the defendant in the amount of $590,416.84, of which $547,236.77 remains

outstanding.[1] The trial court issued a summons of continuing garnishment directing

the garnishee

> to immediately hold all money, including wages, and other property, except what is known to be exempt, belonging to the Defendant or obligations owed to the Defendant . . . beginning on the day of service of this summons and including the next 179 days. You are FURTHER COMMANDED to file your answer, in writing, not later than 45 days from the date you were served with th[e] summons. . . . Your answer shall state what money, including wages, or other property, except what is known to be exempt, belonging to the Defendant or obligations owed to the Defendant you hold or owe beginning on the day of service of this summons and between the time of such service and the time of making your first answer. Thereafter, you are required to file further answers no later than 45 days after your last answer.
>
> . . .
>
> Should you fail to file Garnishee Answers as required by this summons, a judgment by default will be rendered against you for the amount remaining due on a judgment as shown in the Plaintiff's Affidavit of Continuing Garnishment.

---

[1] The Florida judgment was domesticated in Cobb County in 2013.

On May 1, 2017, the garnishee filed its first answer, indicating that none of the defendant's wages were subject to continuing garnishment for the relevant pay period. The garnishee further stated that the "Florida Support Order garnishes maximum permissible amount of weekly disposable earnings." It is undisputed that no further answers were filed by the garnishee during the continuing garnishment period, which ended on September 3, 2017.

Subsequently, on January 16, 2018, Ms. Rivers filed a motion for entry of a default judgment, asserting that she was entitled to a default judgment because the garnishee failed to file subsequent answers as required under OCGA § 18-4-42. On January 30, 2018, prior to the expiration of the time period for the garnishee to file a response to the motion for default judgment, the trial court issued an order denying the motion for default judgment and dismissing the case for want of prosecution. Specifically, the trial court found as follows:

> Plaintiff in the above-styled action filed a "Motion for Default Judgment Against Garnishee" on JANUARY 16, 2018. The garnishment action was filed by Plaintiff on MARCH 6, 2017 and the Summons and Affidavit of Continuing Garnishment was served on the Garnishee on MARCH 8, 2017. Plaintiff offers no reason in [her] Motion as to why [she] failed to pursue and/or prosecute this action in a timely manner. By operation of law, garnishments extend only to all debts, property and

3

effects owed by the garnishee to the defendant from the date of service of the summons of continuing garnishment on the Garnishee up to and including the 179th day thereafter. *See* O.C.G.A. § 18-4-111. Plaintiff's Motion must be denied and the case dismissed for want of prosecution. *See* O.C.G.A. § 9-11-41. Ms. Rivers filed an application for a discretionary appeal, which we granted. This appeal followed.

We review the trial court's denial of a motion for default judgment and a dismissal for want of prosecution for an abuse of discretion. See *Barbour v. Sangha*, 346 Ga. App. 13, 13 (815 SE2d 228) (2018) (providing standard of review of denial of a motion for entry of a default judgment); *Roberts v. Eayrs*, 297 Ga. App. 821, 821 (678 SE2d 535) (2009) (providing standard of review for dismissal of case for want of prosecution). "An abuse of discretion occurs where a ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law." *Lewis v. Lewis*, 316 Ga. App. 67, 68 (728 SE2d 741) (2012) (citation and punctuation omitted). Further, "where it is apparent that a trial court's judgment rests on an erroneous legal theory, [we] cannot affirm." *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000) (citation and punctuation omitted). However, to the extent this case presents a question of law, the standard of review is "de novo, during which we owe no deference to the trial court's ruling and apply the plain legal error standard

4

of review." *Hutcheson v. Elizabeth Brennan Antiques & Interiors, Inc.*, 317 Ga. App. 123, 125 (730 SE2d 514) (2012) (citation and punctuation omitted).

1. Ms. Rivers argues that she was entitled to a default judgment as a matter of law, pursuant to OCGA § 18-4-43 (a), and that the trial court erred in denying her motion. We agree.

"In Georgia, garnishment statutes are in derogation of the common law and, thus, must be strictly construed." *Principal Lien Services, LLC v. Nah Corporation*, 346 Ga. App. 277, 279 (1) (814 SE2d 4) (2018) (citation, footnote, and punctuation omitted). Where "a plaintiff has obtained a money judgment against a defendant, the plaintiff is entitled to file a garnishment action in a court which has jurisdiction over the garnishee, the person or entity which has in its possession money or property which belongs to the defendant and is subject to garnishment." Id. at 280 (1) (citation, footnote, and punctuation omitted). In a continuing garnishment action, "[t]he garnishment period shall begin on the day of service of the summons of garnishment and . . . shall include the next 179 days." OCGA § 18-4-4 (c) (1).[2] After filing an

_____

[2] We note that the trial court referenced OCGA § 18-4-111 for the relevant garnishment period. However, that statute had been repealed at the time of the proceedings below. See Ga. L. 2016, p.8, Act 325 § 1 (effective May 12, 2016). Specifically, in 2016, the General Assembly repealed Chapter 4 of the garnishment statute. Id. The relevant garnishment period is now codified in OCGA § 18-4-4.

initial answer, a garnishee must file subsequent answers at least once every 45 days. Id. § 18-4-42 (d) (1). "When a garnishee fails or refuses to file a garnishee answer at least once every 45 days, such garnishee shall automatically be in default." Id. § 18-4-43 (a). "The default may be opened as a matter of right by the filing of a garnishee answer within 15 days of the day of default and payment of costs." Id. § 18-4-21; see also OCGA § 18-4-43 (a) (cross-referencing OCGA § 18-4-21). "If the case is still in default after the expiration of the period of 15 days, judgment by default may be entered *at any time thereafter* against such garnishee for the amount remaining due on the judgment[.]" OCGA § 18-4-43 (a) (emphasis supplied).

In this case, the garnishee filed its first answer on May 1, 2017. The next answer was due at the latest 45 days later on June 15, 2017. However, it is undisputed that the garnishee failed to file any additional answers, and, therefore, as of June 16, 2017, the garnishee was automatically in default. See OCGA § 18-4-43 (a). The garnishee failed to answer or open default as a matter of right within 15 days thereafter. See OCGA § 18-4-21. Accordingly, under the plain language of OCGA § 18-4-43 (a), Ms. Rivers was entitled to a default judgment "at anytime thereafter." It is unknown why she waited several months to file a motion for entry of a default

6

judgment (and such delays are certainly not encouraged), but the statute expressly authorizes entry of a default judgment at "anytime thereafter."

The garnishee maintains that the trial court had the inherent discretion to control its docket and to deny Ms. Rivers's motion for default judgment due to her delay in filing the motion. While every court generally has the "inherent power . . . to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Bloomfield v. Liggett & Myers, Inc.*, 230 Ga. 484, 485 (198 SE2d 144) (1973), "[a] court cannot by construction add to, take from, or vary the meaning of unambiguous words in a statute." *Oxmoor Portfolio, LLC v. Flooring & Tile Superstore of Conyers, Inc.*, 320 Ga. App. 640, 642 (1) (740 SE2d 363) (2013) (citation and punctuation omitted). As discussed above, the garnishment statute expressly provides that "[w]hen a garnishee fails or refuses to file a garnishee answer at least once every 45 days, such garnishee shall automatically be in default," and "[i]f the case is still in default after the expiration of the period of 15 days, judgment by default may be entered ***at any time thereafter*** against such garnishee for the amount remaining due on the judgment[.]" OCGA § 18-4-43 (a) (emphasis supplied). There is nothing in the garnishment statute prescribing a time frame in which a motion for default judgment must be filed. By denying Ms. Rivers's motion

7

for default judgment solely based on the court's view that she failed to timely pursue the action, the trial court varied the meaning of the express language of the statute.

Alternatively, the garnishee argues that no further answers were required of it because a Florida support order garnished the maximum possible amount of the defendant's weekly wages. Thus, none of the defendant's wages during the relevant garnishment period would have been subject to garnishment. The garnishee contends that it noted the existence of the support order in its initial answer, which was "the functional equivalent" of notifying the trial court that it was not required to file any further answers. In support of this argument, the garnishee notes that the standard garnishee's answer form (although not the form used by the garnishee in this case) contains a "check-the-box option" to notify the trial court that no further answers are required. Accordingly, the garnishee argues that we should affirm under the "right for any reason" principle.[3] This argument is unavailing.

Although the standardized "Garnishee Answer to Continuing Garnishment" form under OCGA § 18-4-86 contains an instruction directing the garnishee to

---

[3]"Under the right for any reason rule, an appellate court will affirm a judgment if it is correct for any reason, even if that reason is different than the reason upon which the trial court relied." *Ga. Dermatologic Surgery Centers, P.C. v. Pharis*, 341 Ga. App. 305, 308 (1) (800 SE2d 376) (2017) (citation and punctuation omitted).

8

"[c]heck this box if this is the last Garnishee Answer this Garnishee is required to file to the presently pending Summons of Garnishment in the above-styled case," this instruction does not relieve the garnishee of its statutory obligation to file answers at least once every 45 days during the continuing garnishment period. OCGA §§ 18-4-42 (c) (2), (d) (1) (requiring the garnishee "[t]o file subsequent garnishee answers with such court for the remaining period covered by the summons of continuing garnishment[,]" and providing that subsequent answers "shall be filed not later than 45 days after the previous garnishee answer date stating what money of the defendant is subject to continuing garnishment from the previous garnishee answer date through and including the date on which the next garnishee answer is filed"). Rather, this instruction merely indicates that the garnishee should check the corresponding box if the particular answer in question is the last answer due during the continuing garnishment period. OCGA § 18-4-86.

Nothing in the garnishment statute exempts a garnishee from filing subsequent answers simply because it believes that none of the defendant's future wages will be subject to garnishment. Moreover, even if the defendant's wages were not subject to garnishment, under the statute the garnishee is still required to file an answer accounting for the defendant's wages for the relevant pay periods encompassed

9

within the continuing garnishment period. See OCGA § 18-4-42 (b) ("If the garnishee owes the defendant any sum for wages earned as the garnishee's employee, the garnishee answer shall state specifically when the wages were earned by the defendant, whether the wages were earned on a daily, weekly, or monthly basis, the rate of pay and hours worked, and the basis for computation of earnings."). Accordingly, the garnishee's argument that it was not required to file any additional answers is unpersuasive.

Similarly, the garnishee's argument that the motion for default judgment is effectively moot is also unpersuasive. Specifically, the garnishee asserts that, had a default judgment been entered, it would have moved to modify the judgment to "merely $50.00," under OCGA § 18-4-24,[4] "thereby rendering any substantive default judgment moot." However, the garnishee's statements as to what it would have done

_____

[4] Providing that, once a default judgment is entered against the garnishee, the garnishee may, within 90 days from the date of service of the judgment, "upon payment of all accrued costs of court, have such default judgment modified so that the amount of such default judgment shall be reduced to an amount equal to the greater of $50.00 or $50.00 plus 100 percent of the amount by which the garnishee was indebted to the defendant from the time of service of the summons of garnishment through and including the last day on which a timely garnishee answer could have been made for all money or other property belonging to the defendant which came into the garnishee's hands from the time of service of the summons through and including the last day on which a timely answer could have been made and less any exemption allowed the defendant." OCGA § 18-4-24 (a).

10

if a default judgment had been entered are purely speculative. Moreover, the fact that a default judgment once entered may thereafter be modified to a lesser sum does not render the entry of a default judgment moot.

Thus, for the reasons explained above, we conclude that under the facts of this case Ms. Rivers was entitled to a default judgment as a matter of law under OCGA § 18-4-43 (a), and the trial court erred in denying her motion for entry of a default judgment.

2. In light of our holding in Division 1, we similarly conclude that the trial court abused its discretion in dismissing the case for want of prosecution.[5] Accordingly, we vacate the trial court's order and remand the case for further proceedings.

*Judgment vacated and case remanded. Coomer and Hodges, JJ., concur.*

---

[5]We note that the provision cited by the trial court as a basis for dismissing the case for want of prosecution, OCGA § 9-11-41, was not applicable in the case at hand because the case had not been pending for a period of five years without a written order issuing during that time. See OCGA § 9-11-41 (e) (providing for automatic dismissal for want of prosecution of "[a]ny action in which no written order is taken for a period of five years[.]").