**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**June 28, 2021**

# In the Court of Appeals of Georgia

A21A0406. SMITH v. SANDERS.

REESE, Judge.

Mark Smith appeals from an order of the State Court of DeKalb County, which denied his motion for entry of default as to liability in Smith's personal injury action against Stephanie Sanders. Smith argues that the trial court erred in finding that he failed to perfect service under Georgia's Nonresident Motorist Act ("NRMA"),[1] that he failed to file a certification of default under Uniform Superior Court Rule ("USCR") 15, and that he failed to file an affidavit that Sanders was not on active military duty under the Servicemembers Civil Relief Act.[2] For the reasons set forth infra, we agree with Smith and vacate the trial court's order.

---

[1] See OCGA § 40-12-1 et seq.

[2] See 50 USC § 3931.

On June 4, 2019, Smith filed a complaint against Sanders, alleging that she had negligently caused a motor vehicle collision while driving in DeKalb County. On June 10, 2019, Smith's attorney filed an "affid[av]it" (the "June Affidavit"), in which counsel stated that Sanders was not a resident of Georgia, that he had sent a copy of the summons and complaint to Sanders at an address in Alabama, and that counsel had complied with the requirements of OCGA § 40-12-2. The June Affidavit was signed by the attorney, but it was not notarized. On June 11, 2019, the Secretary of State's acknowledgment of service, the summons, the complaint, and the June Affidavit were filed in the trial court.

On August 8, 2019, Sanders filed in the trial court a "Notice of Defendant's Pleading Pursuant to OCGA § 9-11-55 (a) and Demand for Trial by Jury of Twelve" (the "General Appearance"). Sanders served discovery requests on Smith the same day. In September, Sanders filed a special appearance answer and affirmative defenses to the complaint.

On October 29, 2019, Smith's attorney executed a new affidavit (the "October Affidavit"), that contained a notary's attestation. The attorney again attested that he had sent the complaint to Sanders at the Alabama address on June 5, 2019, and added:

When I signed the Affidavit that was sent to the Georgia Secretary of State with the summons and complaint, I forgot to sign it in front of a notary. However, I knew that the affidavit had to be filed with the clerk of the court and that I could be subject to sanctions, ethical discipline, contempt, and possible criminal action if I made a false statement to the court. I intended the statement . . . to be under oath and in compliance with Georgia law and my obligations as an officer of the court.

In May 2020, Smith moved for entry of default judgment as to liability, arguing that Sanders was in default because she had not filed an answer within 45 days of June 10, 2019. In addition to the October Affidavit, Smith attached to his motion, copies of the certified mail sent to Sanders that had been returned as "unclaimed[.]"

The trial court denied the motion, finding that service on Sanders was invalid because the June Affidavit did not contain a notary signature. The trial court's order also stated that "[e]ven if service had been validly perfected, [USCR] 15 requires that a plaintiff seeking a default judgment" make certain certifications in writing and attach them to the motion for default judgment, including that the defendant was not currently on active military duty. Finding that Smith had not done this, the trial court denied the motion on this basis as well. We granted Smith's application for interlocutory appeal.

3

We review the trial court's denial of a motion for default judgment . . . for an abuse of discretion. An abuse of discretion occurs where a ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law. Further, where it is apparent that a trial court's judgment rests on an erroneous legal theory, we cannot affirm. However, to the extent this case presents a question of law, the standard of review is de novo, during which we owe no deference to the trial court's ruling[.][3]

With these guiding principles in mind, we turn now to Smith's claims of error.

1. Smith argues that service on Sanders was valid, and that the trial court thus erred in finding that she was not in default. We agree.

Pursuant to OCGA § 9-11-12 (a), a defendant must serve her answer within 30 days after service of the summons and complaint. When an answer is not filed by the deadline, the case is automatically considered to be in default.[4] A defendant may open default as a matter of right within 15 days of the due date.[5] After that time, a party must seek leave of the trial court to open prejudgment default.[6]

---

[3] *Rivers v. Rivers*, 348 Ga. App. 402, 404 (823 SE2d 84) (2019) (citations and punctuation omitted).

[4] OCGA § 9-11-55 (a).

[5] Id.

[6] OCGA § 9-11-55 (b).

OCGA § 40-12-2 of the NRMA states that service of process on a nonresident,

shall be made by serving a copy of the complaint or other pleading with summons attached thereto on the Secretary of State, his duly authorized agent, or his successor in office, along with a copy of the affidavit to be submitted to the court pursuant to this Code section. Such service shall be sufficient service upon any such nonresident, provided that notice of such service and a copy of the complaint and process are forthwith sent by registered or certified mail or statutory overnight delivery by the plaintiff to the defendant, if his address is known, and the defendant's return receipt and the plaintiff's affidavit of compliance with this Code section are appended to the summons or other process and filed with the summons, complaint, and other papers in the case in the court wherein the action is pending.

Thus, under § 40-12-2, service is effected by serving the Secretary of State with a copy of the complaint and summons, along with a copy of the affidavit to be submitted to the court. Smith's failure to file a properly notarized affidavit only

affected the validity of his *proof* of service, not the service itself.[7] Smith cured the defect in proof of service in the October Affidavit.[8]

We reject Sanders's argument that, under OCGA § 9-11-4 (h), the time to answer did not begin to run until the October Affidavit was filed and that her answer, filed in September 2019, was thus timely. Section 9-11-4 (h) states in part, "If the proof of service is not filed within five business days, the time for the party served to answer the process shall not begin to run until such proof of service is filed." Proof

---

[7] See *Tate v. Hughes*, 255 Ga. App. 511, 512 (565 SE2d 853) (2002) ("Service may be perfected by serving a copy summons and complaint (along with a certificate of compliance) on the Secretary of State and immediately sending, by certified mail, a notice of such service and a copy of the complaint and process to the nonresident at her known address.").

[8] See *Reilly v. Crolk*, 112 Ga. App. 334, 336 (145 SE2d 110) (1965).

6

includes "[t]he written admission or acknowledgment of service by the defendant[,]"[9] such as the filing of a general appearance.[10]

Because Sanders filed her General Appearance on August 8, 2019, her answer was due no later than Monday, September 9, 2019.[11] She was thus outside the time to open default as a matter of right by the time she filed her answer on September 26, 2019.[12]

---

[9] OCGA § 9-11-4 (h) states:

The person serving the process shall make proof of such service with the court in the county in which the action is pending within five business days of the service date. If the proof of service is not filed within five business days, the time for the party served to answer the process shall not begin to run until such proof of service is filed. Proof of service shall be as follows:
    (1) If served by a sheriff or marshal, or such official's deputy, the affidavit or certificate of the sheriff, marshal, or deputy;
    (2) If by any other proper person, such person's affidavit;
    (3) In case of publication, the certificate of the clerk of court certifying to the publication and mailing; or
    (4) The written admission or acknowledgment of service by the defendant.
In the case of service otherwise than by publication, the certificate or affidavit shall state the date, place, and manner of service. Failure to make proof of service shall not affect the validity of the service.

[10] See *Brown v. Fokes Props.*, 283 Ga. 231, 232 (2) (657 SE2d 820) (2008).

[11] See OCGA § 9-11-55 (a).

[12] See id.

2. Smith also argues that the trial court erred in finding that he did not comply with USCR 15.[13]

USCR 15 provides:

The party seeking entry of a default judgment in any action shall certify to the court the following: the date and type of service effected; that proof of service was filed with the court within 5 business days of the service date, or, if not filed within 5 business days of the service date, the date on which proof of service was filed; that no defensive pleading has been filed by the defendant as shown by court records; and the defendant's military status, if required. This certificate shall be in writing and must be attached to the proposed default judgment when presented to the judge for signature.

Essentially, USCR 15 requires that the plaintiff's attorney certify to the trial court in writing the following two types of information: "the date and type of service effected on [the defendant] and that the court records show no defensive pleading had been filed."[14] We have held that, "[b]ased on the apparent purpose of Rule 15 and the fact that the same information required in the Rule 15 certificate can be found in the

---

[13] "The Uniform Rules for the superior courts are applicable in state courts unless specifically stated otherwise by the Uniform State Court Rules." *Moody v. State*, 256 Ga. App. 65, 67, n. 5 (567 SE2d 709) (2002).

[14] *Williams v. Contemporary Svcs. Corp.*, 325 Ga. App. 299, 301 (750 SE2d 460) (2013).

8

record, . . . the failure to file a Rule 15 certificate is not a nonamendable defect in the record[.]"[15]

Here, the date and type of service effected on Sanders and the fact that no timely defensive pleading had been filed were apparent from the record. Thus, Smith's failure to comply with USCR 15 was an amendable defect.

The trial court further erred by finding that Smith's failure to include an affidavit relating to the status of Sanders's military service violated USCR 15 and 50 USC § 3931. Because Sanders had made a General Appearance, § 3931 did not apply.[16]

Accordingly, we vacate the trial court's order and remand for further proceedings.

*Judgment vacated and case remanded. Doyle, P. J., and Brown, J., concur.*

---

[15] Id.

[16] See 50 USC § 3931 (a) ("This section applies to any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance.").

9